MARY F. JOHNSON *v.* JAS. H. LEACH'S ADM'R AND OTHERS.

**Descent and Distribution—Unconditional Conveyance by Intestate to Husband Not an Advancement to Wife.**

Although the grandfather of appellant saw proper to charge her as an advancement, with the tract of land he conveyed to her husband, yet inasmuch as the conveyance to the husband is unconditional upon its face and there being no agreement on the part of the husband to hold the land for the benefit of his wife, the advancement can not be charged to her.

**Husband and Wife—Waiver of Right to Wife's Property—Trustee for Wife.**

The husband has the right to make himself the absolute owner of his wife's property by reducing it to possession, but if he agrees to take and hold the same as trustee for his wife, he thereby waives that right.

**Limitation—Express Trust—Trustee.**

Neither the trustee nor his representative, can plead the statue of limitation as against the cestui que trust in cases of express trusts and more especially against the wife, when she has been all the while a feme covert, and the trustee her husband.

APPEAL FROM CALDWELL CIRCUIT COURT.

June 15, 1871.

OPINION BY JUDGE LINDSAY:

Although the grandfather of Mrs. Johnson saw proper to charge her as an advancement with the value of the tract of land he conveyed to her husband, and although he doubtless expected that she and her offspring would, as the wife and children of his vendee, be the recipients of his bounty, yet, inasmuch as the conveyance to the husband is unconditional upon its face, and there is no evidence in the record tending to establish any agreement that he would hold the title of said land in trust for his wife, we are constrained to conclude that the circuit court did not err in dismissing her cross-petition in so far as she ought to have the title of the land vested in her.

But we are of opinion that she was entitled to relief, on her cross-petition as to the amount received by her husband in the distribution of the estate of her said grandfather.

This amount she took as one of his heirs and distributees, and, whilst it is true that her husband had the right by reducing the same to possession to make himself the absolute owner of the proceeds arising from the sale of her interest in the lands and slaves discending to her, yet, inasmuch as he voluntarily agreed by the execution of the bond in the proceeding in which said lands and slaves were decreed to be sold, to take and hold the same as trustee for his wife, he thereby waived that right.

It may be true that the proceedings under which the sale was made were not had in exact conformity to the provision of the 86a chapter of the Revised Statutes, yet the property sold was the property of the wife, and unless sold by her consent, could never have been subjected to the payment of her husband's debts. The money arising from said sale was still her property whilst in the hands of the court and the chancellor had the right and

34

possibly it was his duty to secure it to the wife before permitting it to pass into the hands of the husband.

At any rate the husband could waive his marital rights to said money and permit it to be settled upon the real owner.

The bond executed by him had this effect in law, and under that bond he received his wife's money. Such being the case he received and held it as her trustee, and she is entitled to collect the same (with legal interest from the time it was so received) from her husband's estate. Nor is she to be prejudiced because of the fact that the money was described in the bond as her "separate estate," when in law is was general estate.

She was in no wise responsible for this mis-decription, and besides it is not, and cannot be pretended that the bond was not executed for the purpose of securing to her the balance due to her as an heir and distributee of her grandfather.

Upon the return of the case her claim in this account should be allowed as herein indicated, and should be held to be a preferred debt.

We do not deem it necessary to discuss the plea of limitation. It is a well settled principle that neither the trustee nor his representatives can plead limitation as against the *cestue que* trust in cases of express trusts and more especially in a case like this, when she has been all the while a *feme covert*, and the trustee her husband.

Mrs. Johnson sets up no claim to dower in the tract of land adjudged to be sold in the proceeding on account of other lands in which she was entitled to dower having been previously sold.

Hence, under her pleading, the court was not authorized to afford her relief on that ground. But for the reasons indicated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. Either party should be allowed to amend their pleadings and reasonable time for further preparation.

*Dabney, for appellant.*

*Marble, for appellee.*